UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT CALVIN CHAPMAN,

       Petitioner,

v.                                    Case No.11-cv-11030

JEFF WOODS,                 HON. AVERN COHN

       Respondent.

_____/

## MEMORANDUM AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

### I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Robert Calvin Chapman, proceeding *pro se*, is a state prisoner at the Kinross Correctional Facility in Kincheloe, Michigan. Following a bench trial, Petitioner was convicted of carjacking, M.C.L. § 750.529a, and unarmed robbery, M.C.L. § 750.530. He was sentenced as a fourth habitual offender to concurrent terms of 25 to 40 years for the carjacking conviction and 9 to 15 years for the robbery conviction. Petitioner claims that he was improperly denied jail credit for the time he was imprisoned awaiting trial and sentence, and he was denied a fair trial when the trial court failed to consider the specific intent element of the carjacking statute and that his trial counsel was ineffective in this regard. For the reasons that follow, the petition will be denied and the Court will decline to issue a certificate of appealability.

## II.  Background

Petitioner's convictions arose out of an incident on August 25, 2007, between him and an individual named Larry Lloyd.  The incident took place outside the Detroit Medical Center in Detroit, Michigan.  Petitioner took two bracelets and a watch from Lloyd.  Trial testimony revealed the following pertinent facts.

Lloyd testified that he was leaning into his vehicle, a minivan, when he felt someone hold onto his hand and demand he hand over his keys, wallet, and jewelry. He said he refused.  A tussle ensued.  Lloyd yelled for help.  He said Petitioner tried to pull his keys out of his hand.  According to Lloyd, Petitioner ended up pulling the keychain open and spilling the keys on the ground.  Lloyd said he hit the panic button. Petitioner then took his watch and two gold wrist chains and ran off.

Michael Burkell was a witness to the incident.  He said he flagged down a police officer, who was nearby, when he saw two men fighting.  Burkell told the officer he saw one of the men get on a bus.  The police officer and Burkell approached the bus together.  Burkell identified Petitioner in court.

Officer Jamie McCrae testified that he approached the bus, asked the man to get off, and arrested him.  The man was holding the watch and the two gold bracelets. Officer McCrae identified Petitioner in court as the man.

Petitioner testified.  He admitted he committed the robbery but denied that he intended to take the vehicle.  He said he wanted to take the keys to prevent Lloyd from following him and that he never intended to take the vehicle.

On January 22, 2008, the trial court found Petitioner guilty.  Because Petitioner

2

was on parole from another conviction at the time of the robbery, he did not receive jail credit for the time he spent incarcerated during the pendency of this case. Rather, that time was counted against his earlier, uncompleted sentence.

Petitioner filed a direct appeal in the Michigan Court of Appeals, raising the sentencing claim regarding jail credit. The Michigan Court of Appeals affirmed his convictions and sentences. *People v. Chapman*, No. 284306, 2009 WL 1883963, at *1-2 (Mich. Ct. App. June 30, 2009). The Michigan Supreme Court denied his application for leave to appeal. *People v. Chapman*, 485 Mich. 900 (2009) (Kelly, J. and Cavanagh, J., would grant leave to appeal) (unpublished table decision).[1]

Petitioner then returned to the trial court and filed a motion for relief from judgment raising the second claim raised in this petition. The trial court denied the motion. *People v. Chapman*, No. 07-014002 (3rd Cir. Ct. Wayne Cnty. Mar. 24, 2010). Both state appellate courts denied his applications for leave to appeal for failing "to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Chapman*, No. 297610 (Mich. Ct. App. July 30, 2010); *People v. Chapman*, 488 Mich. 949 (2010) (unpublished table decision).

---

[1] Then-Chief Justice Marilyn J. Kelly voted to grant leave to appeal for the reasons she expressed in her separate opinion in *People v. Idziak*, 484 Mich. 549 (2009). Justice Michael F. Cavanagh voted to grant leave to appeal to reconsider *Idziak*. As will be explained *infra*, in *Idziak*, the Michigan Supreme Court held that (1) a defendant was not entitled to credit for time served in jail after his arrest on new offense and before sentencing for that offense, and (2) a defendant was not subjected to multiple punishments in violation of double jeopardy. The Michigan Supreme Court issued its decision in *Idziak* about a month after the Michigan Court of Appeals issued its decision in Petitioner's direct appeal. The Michigan Supreme Court denied leave to appeal in Petitioner's case on September 28, 2009, approximately two months after the decision in *Idziak* was issued.

3

### III.  Discussion

### A.  Standard of Review

Petitioner is entitled to a writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's decision is an "unreasonable application of" clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.  A state-court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding[.]" *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citations omitted).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state

4

court's decision." *Harrington v. Richter*, 562 U.S. ---, ---, 131 S.Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). Section 2254(d) does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, but rather, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S.Ct. at 786-87. The Court also recognizes that habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S.Ct. 1388, 1398 (2011).

## B. Procedural Default

Respondent first argues that Petitioner's claims are barred by the doctrine of procedural default. However, federal courts are not required to address a procedural default issue before deciding against a petitioner on the merits of his claims. *Lambrix v.*

*Singletary*, 520 U.S. 518, 525 (1997); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003).  Thus, putting aside whether Petitioner's claims are in fact procedurally defaulted, "[j]udicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law."  *Lambrix*, 520 U.S. at 525.  Here, the interests of judicial economy are best served by addressing the merits of Petitioner's claims, even if they are defaulted.

### C.  Petitioner's Claims

#### 1.  Jail-Credit Claim

Petitioner contends that the trial court erred in failing to credit the time spent in custody prior to sentencing against the minimum term of imprisonment because he committed the offense while on parole.  He also argues that the failure of the trial court to do so deprived him of equal protection and his right to be free from double jeopardy.  Petitioner is not entitled to habeas relief on these claims.

Michigan's jail credit statute provides:

Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing.

M.C.L.§ 769.11b.

The Michigan Court of Appeals rejected Petitioner's claim, as follows:

. . . The issue of sentence credit under MCL 769.11b is one of statutory interpretation and is reviewed de novo on appeal.  *People v. Givans*, 227 Mich.App 113, 124; 575 NW2d 84 (1997).  Bus [sic] because defendant did not object at sentencing, this issue is unpreserved and is

6

reviewed for plain error affecting defendant's substantial rights. *People v. Meshell*, 265 Mich.App 616, 638; 696 NW2d 754 (2005).

"Whenever any person is hereafter convicted of any crime within this state and has served any time in jail prior to sentencing because of being denied or unable to furnish bond for the offense of which he is convicted, the trial court in imposing sentence shall specifically grant credit against the sentence for such time served in jail prior to sentencing." MCL 769.1 1b. "MCL 769.11b provides that where a sentencing court has before it a convict who has served time in jail before sentencing because he or she could not afford or was denied bond, the court must credit that person with time served." *People v. Stead*, 270 Mich. App 550, 551; 716 NW2d 324 (2006).

The law is clear that "[w]hen a parolee is arrested for a new criminal offense, he is held on a parole detainer until he is convicted of that offense, and he is not entitled to credit for time served in jail on the sentence for the new offense." *People v. Seiders*, 262 Mich. App 702, 705; 686 NW2d 821 (2004). Rather, a parolee convicted of a new offense is entitled to have jail credit applied only to the sentence from which parole was granted. *Id.*; MCL 791.238(2). Credit is not available to a parolee for time spent in jail on a new offense because "bond is neither set nor denied when a defendant is held in jail on a parole detainer." *Id.* at 707. Accord *People v. Filip*, 278 Mich. App 635, 640-642; 754 NW2d 660 (2008); *Stead, supra* at 551-552; *Meshell, supra* at 638-640. This is true even if the parolee has served his or her minimum sentence. *Filip, supra* at 642. The time served on the parole hold is credited against the sentence for which parole was granted, even if prison authorities abandon parole violation proceedings, in which case "the time served is essentially forfeited." Id. (footnote omitted); *People v. Stewart*, 203 Mich.App 432, 433; 513 NW2d 147 (1994). To the extent that some unpublished decisions hold otherwise, we decline to follow them because they are not precedentially binding, MCR 7.215(C)(1), and they conflict with the published decisions cited above, which we are required to follow. MCR 7.215(J)(1).

Defendant also argues that the denial of sentence credit violates his constitutional due process and equal protection rights, as well as the constitutional prohibition against double jeopardy. For the reasons explained in *Stewart, supra* at 433-434, we disagree.

*People v. Chapman*, 2009 WL 1883963 at *1. The court in *Chapman* relied on

decisions from the Michigan Court of Appeals holding that jail credit is not available

where a defendant was a parolee at the time of the new offense. The court of appeals

issued its decision in Petitioner's case on June 30, 2009.

7

On July 31, 2009, after the court of appeals' decision but during the pendency of Petitioner's direct appeal, the Michigan Supreme Court issued a decision this issue.  In *People v. Idziak*, 484 Mich. 549 (2009), the Michigan Supreme Court held, in a split decision, that the jail credit statute does not apply to a parolee who is convicted and sentenced to a new term of imprisonment for a felony committed while on parole because, once arrested in connection with the new felony, the parolee continues to serve out any unexpired portion of his earlier sentence unless and until discharged by the Parole Board.  For that reason, the Michigan Supreme Court explained that the defendant remains incarcerated regardless of whether he would otherwise be eligible for bond before conviction on the new offense.  The defendant is incarcerated not "because of being denied or unable to furnish bond" for the new offense, but for an independent reason.  Therefore, the jail credit statute, MCL 769.11b, does not apply. *Id*. at 562–63.  Justice Kelly concurred and dissented in part and filed an opinion in which Justice Cavanagh joined.  Justice Markman filed a separate dissenting opinion.

Here, because Petitioner committed his offense while on parole, as a matter of state law he was not entitled to credit against his sentence for the time served prior to his sentencing on the new offense.  The Michigan courts have spoken on this issue of state sentencing law.  It is well established that habeas corpus is not available to remedy a state court's error in the application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir.1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws .").  "[T]he interpretation

8

of state crediting statutes is a matter of state concern and not a proper function of a federal court under its habeas corpus jurisdiction." *Travis v. Lockhart*, 925 F.2d 1095, 1097 (8th Cir.1991); *see also, Howard v. White*, 76 Fed. Appx. 52, 53 (6th Cir.2003). Thus, petitioner is not entitled to habeas relief based on the trial court's failure to grant him credit against his minimum term of imprisonment for the time spent in custody prior to sentencing.

Petitioner also cannot prevail on his argument that the failure to grant him credit for this time violated the Double Jeopardy Clause.  The Fifth Amendment to the United States Constitution commands that no "person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The Double Jeopardy Clause, which is applicable to the states through the Due Process Clause of the Fourteenth Amendment, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), provides three basic protections: "[It] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."  *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted). "These protections stem from the underlying premise that a defendant should not be twice tried or punished for the same offense."  *Shiro v. Farley*, 510 U.S. 222, 229 (1994) (citing *United States v. Wilson*, 420 U.S. 332, 339, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975)). Where a claim is made that a defendant is being twice punished for the same offense, the question becomes one of legislative intent.  "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of

9

legislative intent." *Ohio v. Johnson*, 467 U.S. 493, 499 (1984) (citations omitted). If the legislature intended to impose the multiple punishments, the "court's inquiry is at an end" and there is no double jeopardy violation. *Id.* at 499 n. 8. In making this determination, this Court is bound by the Michigan courts' interpretation of state law. *See Rodgers v. Bock*, 49 Fed. Appx. 596, 597 (6th Cir. 2002); *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989).

As the Michigan Supreme Court explained in *Idziak*, the Double Jeopardy Clause is not implicated because no multiple punishment has been imposed for the same offense. Contrary to Petitioner's argument, his time spent in custody prior to sentencing was not a criminal punishment for the new offense, for which he was later sentenced. Rather, as a matter of state law, the time spent in custody was merely a continuation of his earlier sentence for which he was on parole. Thus, there was no double jeopardy violation. *See Idziak*, 484 Mich. at 570, 773 N.W.2d at 628; *see also, Franklin v. Curtin*, No. 2:08–CV–13274, 2010 WL 2232228, at *4 (E.D. Mich. May 27, 2010); *Wiillavize v. Howes*, No. 1:09–cv–62, 2009 WL 4639483, at *4 (W.D. Mich. Dec. 2, 2009).

Nor did the failure to grant Petitioner credit violate his right to equal protection of the laws. As another judge in this district explained in rejecting the same claim:

> Petitioner also claims that the denial of sentence credit violates the Equal Protection Clause. The Equal Protection Clause mandates that all persons, who are similarly situated, should be treated alike.   , 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). Nevertheless, "[t]o withstand Fourteenth Amendment scrutiny, statutes that do not interfere with fundamental rights or single out suspect classifications must bear only a rational relationship to a legitimate state interest." *Richland Bookmart, Inc. v. Nichols*, 278 F.3d 570, 574 (6th Cir. 2002), *citing City of Cleburne*, 473 U.S. at 440. Federal courts have consistently held that prisoners do not constitute a suspect class. *See Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir.2000). In addition, there is no fundamental right at issue. *See Grays v. Lafler*, 618 F.Supp.2d 736, 747 (W.D.Mich.2008)

(citing *Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir.1992)).

Legislation which does not classify by race, alienage, national origin, or gender and which does not impinge on personal rights protected by the Constitution need only be rationally related to a legitimate state interest. *Cleburne*, 473 U.S. at 440. Under the rational basis standard, the challenging party bears the burden of demonstrating that there is no rational connection between the legislation and a legitimate state interest. *See Harrah Independent School Dist. v. Martin*, 440 U.S. 194, 198, 99 S.Ct. 1062, 59 L.Ed.2d 248 (1979).

In the case of parolees who commit new crimes while serving a term of parole, the State has a legitimate interest in applying credit for time served to the remainder of the sentences for their previous offenses, that is, enforcing its laws in a way that protects its citizens from recidivists. *See Wiillavize v. Howes*, No. 1:09–cv–62, 2009 WL 4639483 at *4 (W.D. Mich. Dec.2, 2009). "Sentencing laws that prescribe consecutive sentences on parolees who commit new crimes while on parole are rationally related to that objective. And detaining parolees on parole holds while the new crimes are adjudicated is a rational choice as well." *Holloway v. Trombley*, No. 05–cv–10276, 2009 WL 270166, *9 (E.D.Mich. Feb.3, 2009). Thus, the Court finds no violation of the Equal Protection Clause.

*Franklin*, 2010 WL 2232228, at *3–*4 (parallel citations omitted). Thus, the denial of credit does not implicate a suspect classification or a fundamental right, and because it is rationally related to a legitimate state interest, the failure to grant credit to petitioner did not violate the Equal Protection Clause.

Overall, Petitioner is not entitled to habeas relief on his jail credit claim.

### 2. Carjacking Claim

Petitioner argues that he was denied a fair trial because the trial court did not consider the specific intent to deprive someone of their vehicle as an element of the carjacking statute and trial counsel was ineffective for not pressing the issue at trial. Petitioner does not challenge the quantity of the evidence presented to establish the required elements of carjacking. Rather, he challenges the trial court's finding that there is no specific-intent element to the state law of carjacking.

11

Petitioner is not entitled to habeas relief on this claim.  First, Michigan courts have held that the carjacking statute, M.C.L. § 750.529a, does not require the specific intent to steal the vehicle.  Rather, Michigan courts have held that to establish the offense of carjacking, the prosecution must prove the following:  (1) that the defendant took a vehicle from another person, (2) that the defendant did so in the presence of that person, a passenger, or any other person in lawful possession of the vehicle, and (3) that the defendant did so either by force or violence, by threat of force or violence, or by putting the other person in fear.  *People v. Davenport*, 230 Mich.App 577, 579; 583 NW2d 919 (1998), applying MCL 750.529a.  Carjacking, unlike armed robbery involving an vehicle, does not require proof that the defendant intended to permanently deprive the victim of possession of a vehicle.  *People v. Parker*, 230 Mich. App 337, 344 (1998).  Rather, it constitutes a general intent crime and does not require proof of intent beyond the intent to do the act itself.  *Davenport*, *supra* at 580-81.  As the Michigan Court of Appeals stated:  "The carjacking statute does not require the intent to deprive the victim of a motor vehicle permanently, or a specific intent to use force, violence, threaten, or induce fear."  *People v. Oyerinde*, 2011 WL 5964613, *6 (Mich. Ct. App. Nov. 29, 2011) (citing *Davenport, supra* at 580-81).  Thus, Petitioner was not deprived of a fair trial with respect to the intent element of carjacking.

Further, even if specific intent were a required element of the carjacking statute, Petitioner's trial counsel argued that Petitioner lacked the requisite intent.  The trial court rejected this argument and made a factual finding that Petitioner did indeed intend to steal the vehicle.  The trial court noted that Petitioner was feeding his drug habit, and that of the items he could have stolen, the vehicle would have been quite valuable in

12

that regard. The trial court noted that Petitioner asked for Lloyd's keys and grabbed a hold of them.  Lastly, the trial court noted that Petitioner only left without the vehicle when the panic alarm went off.  Based on that evidence, the trial court made a specific factual finding, although not required to do so, that Petitioner had the specific intent to take Lloyd's vehicle was not tenable.  This factual determination is entitled to the presumption of correctness under § 2254(e)(1), and Petitioner has not demonstrated through clear and convincing evidence that it is incorrect.  28 U.S.C. § 2254(e) (1).  It follows that Petitioner's trial counsel was not ineffective for failure to pursue this issue.  To the contrary, Petitioner's trial counsel did argues, albeit unsuccessfully, that carjacking was a specific intent crime.  Petitioner is therefore not entitled to relief on this claim.

### IV.  Conclusion

For the reasons stated above, Petitioner is not entitled to habeas relief on the claims raised in his petition.  Accordingly, the petition is DENIED.

Furthermore, reasonable jurists would not debate the Court's assessment of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further.  The Court therefore DECLINES to grant a certificate of appealability under 28 U.S.C. § 2253(c)(2).[2]  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED.

---

[2]"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

11-11030 Robert Calvin Chapman v. Jeff Woods

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  April 16, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 16, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami
Case Manager, (313) 234-5160

14